**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:18-cv-00335-FDW**

| | |
|---|---|
| TERRANCE L. JAMES-BEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Plaintiff Terrance L. James-Bey's pro se civil rights Complaint. (Doc. No. 1.)

On November 15, 2018, Plaintiff, a prisoner of the State of North Carolina, filed a self-titled "Habeas Corpus Averment of Jurisdiction." (Doc. No. 1.) Notwithstanding its title and Plaintiff's passing reference to being detained illegally, the document's primary allegations concern his placement by the North Carolina Department of Public Safety ("NCDPS") in NCDPS's Rehabilitative Diversion Unit, confiscation of Plaintiff's legal and religious materials, and initiation of disciplinary proceedings "to harass, assault and abuse [his] natural person under the false classification of being a 'Sovereign Citizen.'" (Compl. 2-3, Doc. No. 1.) Because none of these allegations challenges the legality of Plaintiffs criminal judgment, the Court construes this action as a Complaint brought pursuant to 42 U.S.C. § 1983.

Federal law requires that a party seeking to commence a civil action in federal district court pay a filing fee or be granted leave to proceed without prepayment of fees and costs. 28 U.S.C. §§ 1914, 1915. To establish an inability to pay, the party must file an affidavit "that includes a statement of all assets" such person possesses. § 1915(a)(1). This District requires

1

that an application to proceed without prepayment of fees created by the Administrative Office of the Courts be used for this purpose.

Attached to Plaintiff's Complaint is a one-page, hand-written document titled "Application to Proceed without Prepayment of Fees," which declares merely that "because of the unlawful actions of the Respondents, I am unable to forward the cost of this action." (Doc. No. 1-1.) Because this declaration is not sufficient to meet the requirements of § 1915(a)(1), this Court notified Plaintiff that he "must either file an application to proceed without prepayment of fees and affidavit (*form enclosed*) or pay the filing fee of $400.00." (Def. Not., Doc. No. 2) (emphasis added). The Clerk of Court mailed Plaintiff a copy of the deficiency notice and a blank application to proceed without prepayment of fees on November 20, 2018. Plaintiff was directed to complete the application provided or pay the filing fee within 21 days or risk dismissal of his civil action. (Def. Not.)

Rather than completing the provided application or paying the filing fee, Plaintiff has submitted a one-page "Motion to Proceed without Filing Fees," which again merely declares that "because of the illegal and unlawful actions of Respondents, I cannot forthwith provide the cost of filing this action, and thus, request a waiver of fees." (Doc. No. 3.) Suffice it to say, if Plaintiff's first such declaration did not comply with the requirements of § 1915(a)(1), his second failed to cure that deficiency.

Because Plaintiff has not paid the filing fee or filed an application to proceed without prepayment of fees and affidavit, as directed by this Court, his § 1983 action shall be dismissed. The action shall be dismissed without prejudice to Plaintiff's ability to raise his allegations in a future complaint upon payment of the entire filing fee or submission of an application to proceed without payment of fees and affidavit.

**IT IS THEREFORE ORDERED** that the 42 U.S.C. § 1983 Complaint (Doc. No. 1) is **DISMISSED without prejudice** for failure to pay the filing fee or file an application to proceed without prepayment of fees and affidavit. The Clerk of Court is directed to close this action.

Signed: December 17, 2018

Frank D. Whitney
Chief United States District Judge